IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRIAN LACOMCHEK,
    Plaintiff
    v.                           Case No. 3:10-cv-25-KRG-KAP
JEFFREY A. BEARD, et al.,
    Defendants

Order, Report and Recommendation

Recommendation and Order

      Plaintiff, an inmate at S.C.I. Laurel Highlands, filed a complaint, docket no. 3, subsequently amended on June 29, 2010, see docket no. 8, docket no. 9, against seven employees either of the Pennsylvania Department of Corrections or a corporation which has a contract with the DOC to provide medical care to inmates. I am required to screen the complaint as soon as practicable, see 28 U.S.C.§ 1915A. Having read the lengthy complaint and numerous exhibits, I recommend that almost the entire complaint be dismissed without service for failure to state a claim. 28 U.S.C.§ 1915(e)(2)(B). Service will be ordered on Doctor Salemeha only, solely on a claim for injunctive relief that plaintiff has a medical need to be wakened every 2 hours so that he can change position and that Salemeha is being deliberately indifferent to this need.

      In accordance with 28 U.S.C.§ 1915(b)(1), the inmate account officer at any institution where plaintiff may be incarcerated shall forward to the Clerk of the United States District Court for the Western District of Pennsylvania twenty percent of the average monthly deposits to the plaintiff's inmate

account, or twenty percent of the average balance of plaintiff's inmate account, or the entire balance of the plaintiff's inmate account, whichever is less; and in accordance with 28 U.S.C.§ 1915(b)(2), the inmate account officer shall begin immediately to deduct from plaintiff's inmate account twenty percent (20%) of each item of income on the date received, accrue these items and forward one payment per month of the amount accrued to the Clerk, whenever the amount in plaintiff's account exceeds $10.00, until the entire filing fee of $350.00 has been paid.

When plaintiff has provided copies of his amended complaint and instructions for service, the Clerk shall forward the necessary copies of the amended complaint, notice of lawsuit, and request for waiver of service to the United States Marshal. The Marshal shall mail a copy of the plaintiff's amended complaint, notice of lawsuit and request for waiver of service of summons, waiver, and this Order, to defendant Salemeha. The costs of service shall be advanced by the United States. The defendant is requested to waive service pursuant to Rule 4(d).

Report

Plaintiff is a paraplegic inmate at S.C.I. Laurel Highlands who has suffered numerous bed sores and infections as a result of skin breakdown resulting from his inability to sense when he needs to shift position to relieve the pressure on the weight-bearing surfaces of his body. He contends, in several hundred

paragraphs detailing the involved medical care he receives every day, that virtually every medical professional he has received treatment from is deliberately indifferent to this serious medical need, and that as a result he suffers from more or more serious bed sores than he would if he received different care. (There are ancillary issues, such as plaintiff's desire to have his enema procedure changed, which have not allegedly led to any additional injury.)

Plaintiff alleges two legal bases for defendants' liability: (1) 42 U.S.C.§ 1983, providing a remedy for violations by state officials of the Eighth Amendment, see Estelle v. Gamble, 429 U.S. 97, 105 n.10 (1976); and (2) the Americans with Disabilities Act, 42 U.S.C.§ 12101, et seq., providing remedies for discrimination against persons with disabilities.

Federal courts are barred from exercising jurisdiction over plaintiff's Section 1983 claim against individual defendants in their official capacities, because that is tantamount to exercising jurisdiction over a state, which is barred by the Eleventh Amendment. See Edelman v. Jordan, 415 U.S. 651 (1974). Plaintiff does not state any claim against the corporate defendant which apparently employs some of the medical defendants, because liability for the alleged civil rights violations of the individual defendants cannot be attributed to their employer on the basis of respondeat superior. See Monell v. New York City Dep't of Social

Services, 436 U.S. 658 (1978). Plaintiff states no allegation of fact which would lead to a plausible inference that the corporate defendants has a custom or policy of deliberate indifference to his condition. In light of the specific and personalized medical needs which plaintiff describes, the idea that anyone could even formulate a custom or policy (at any level of abstraction relevant to Eighth Amendment liability) applicable to those needs is unlikely.

To state a claim against an individual defendant, plaintiff must set forth allegations of fact that make it plausible to infer that a defendant has been deliberately indifferent to his serious medical needs. In the words of the Supreme Court:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and **he must also draw the inference**.

Farmer v. Brennan, 511 U.S. 825, 837 (1994)(my emphasis). As far as the wardens of the prison and other non-medical defendant are concerned, plaintiff can state no claim against them because, as the Court of Appeals for the Third Circuit has said:

> [A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official...will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference.

Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004). For the medical defendants, plaintiff's complaint alleges dissatisfaction and disappointment by plaintiff. Plaintiff's characterization of the facts is not adequate to allege deliberate indifference. What facts the plaintiff alleges can only lead to the conclusion that the defendants are well aware of his medical conditions, frequently refer him to specialists outside the prison, and provide him with advanced equipment (like an air bed) not generally available. Looking at the events of early 2009, for example, in ¶347 of the Amended Complaint plaintiff describes how defendants Kowaleski and Lechene receive and review reports on plaintiff's medical condition every day. After alleging that these defendants refuse to have him medically treated, plaintiff goes on to describe why the medical care he receives is inadequate. That plaintiff did not or does not receive some particular medical treatment he thinks would help him, and that plaintiff continues to suffer fevers and bed sores and other complications means that his medical problem is serious, not that defendants' inability to heal everything in no time at all is a violation of his rights.

As for the ADA claim, Congress does possess the power under the Fourteenth Amendment to abrogate a state's Eleventh Amendment immunity for such claims, see Trustees of the University of Alabama v. Garrett, 531 U.S. 356 (2001), even to the extent of allowing claims for money damages when the conduct alleged by the

state violates the Eighth Amendment as well as the ADA, see United States v. Georgia, 546 U.S. 151 (2006), but plaintiff does not state a claim under the ADA. The ADA provides a remedy for persons who suffer discrimination in employment, in public programs, and in public accommodations because of a disability. The ADA would provide a remedy to plaintiff if he were denied medical care because he had a disability. The ADA does not provide a remedy for plaintiff's claim that he is not being provided adequate medical care. See Buchanan v. Maine, 469 F.3d 158, 174-75 (1st Cir.2006)(collecting cases distinguishing between the two types of claims).

Out of an abundance of caution, it appears that there may be a dispute over whether there is a medical necessity to wake plaintiff every 2 hours so that he can shift position, or whether plaintiff has the ability to perform shifts without assistance. The dispute may have been resolved in September 2009, see docket no. 9, Exhibit A at 1-6, but taking plaintiff's complaint to allege that Doctor Salemeha knows that this is a medically necessary step because Doctor Rollings ordered it, see id. at 3, and is refusing to implement it, service of the Amended Complaint will be ordered on Doctor Salemeha on that claim only.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to serve and file written objections to this Report and Recommendation.

DATE: September 10, 2010

Keith A. Pesto,
United States Magistrate Judge

Notice by U.S. Mail to:

    Brian Lacomchek FY-0256
    S.C.I. Laurel Highlands
    P.O. Box 631
    5706 Glades Pike
    Somerset, PA 15501-0631

    Inmate Account Officer
    S.C.I. Laurel Highlands
    P.O. Box 631
    5706 Glades Pike
    Somerset, PA 15501-0631

    U.S. Marshal's Service